UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
MELISSA, C.[1]                                          :        CASE NO. 3:21-cv-01553-RMS
                                                        :
V.                                                      :
                                                        :
FRANK BISIGNANO,[2]                                     :
COMMISSIONER OF                                         :
SOCIAL SECURITY                                         :        DATE: DECEMBER 18, 2025
                                                        :
------------------------------------------------------- x

# RULING ON THE PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

The plaintiff's counsel, Gary W. Huebner ("Counsel"), filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), seeking an award of fees in the amount of $33,472.50. (Doc. No. 33). The defendant, the Social Security Administration Commissioner ("Commissioner"), filed a response, requesting that the Court determine whether Counsel's *de facto* hourly rate is reasonable. (Doc. No. 35). For the reasons set forth below, the Motion for Allowance of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 33) is **GRANTED**.

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* CTAO-21-01, Standing Order Social Re: Security Cases (D. Conn. Jan. 8, 2021).

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Frank Bisignano as the defendant in this suit. *See* 42 U.S.C. § 405(g).

**I.     BACKGROUND**

The plaintiff filed the instant action on November 19, 2021, appealing the Commissioner's denial of her supplemental security income application. (Doc. No. 1). On January 11, 2023, this Court granted plaintiff's motion to reverse the decision of the Commissioner. (Doc. No. 22).

On April 13, 2023, Counsel filed a Stipulation of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 24). Counsel billed $217.54 per hour for 1.55 total hours of work on this case in federal court for 2021 and $234.95 per hour for 38.8 total hours of work on this case in federal court for 2022 and 2023, for a total fee of $9,453.23 for 40.5 hours of work. (Doc. No. 33-2). On April 24, 2023, the Court approved a revised stipulated EAJA fee in the amount of $9,000.00, which was paid directly to Counsel. (Doc. No. 27).

On September 9, 2025, the Commissioner issued a Notice of Award finding that the plaintiff was entitled to past-due benefits of $116,937.00 and withholding $29,234.25 to pay the plaintiff's representative. (Doc. No. 28-2). On October 5, 2025, the Commissioner issued a second Notice of Award finding that the plaintiff was entitled to additional past-due benefits of $16,953.00 for her minor son. (Doc. No. 33-1). Twenty five percent of this amount is $4,238.25, and therefore, one quarter of all past-due benefits awarded to the plaintiff totals $33,472.50. (Doc. No. 33).

Counsel now moves for attorney's fees under 42 U.S.C. § 406(b). Because Counsel and the plaintiff entered into a fee agreement that stated plaintiff's fees charges would not exceed 25% of the plaintiff's past due benefits for attorney's fees, Counsel seeks the 25% of total retroactive Title II benefits: $33,472.50. (Doc. No. 33). The Commissioner neither supports nor opposes the motion, because it does not have a direct financial stake in the award. (Doc. No. 35).

**II.    DISCUSSION**

Section 406(b) of Title 42 of the United States Code "governs the total fee a claimant's attorney may receive for court representation" of Social Security claimants. *Gisbrecht*, 535 U.S. at 806. In pertinent part, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]

42 U.S.C. § 406(b)(1)(A). Where, as here, a contingency fee agreement is in place, section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Accordingly, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness[.]" *Id.* at 808.

"Both [the Second Circuit] and the Supreme Court have set out guidelines for courts conducting this reasonableness analysis." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 807; *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)) (footnote omitted). When determining reasonableness, the court must consider four factors: (1) "the character of the representation and the result the representative achieved," (2) "whether a claimant's counsel is responsible for undue delay," (3) "whether there was fraud or overreaching in the making of the contingency agreement," and (4) "whether a requested fee would result in a 'windfall' to counsel." *Fields*, 24 F.4th at 849 (summarizing factors established in *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372). In holding that a contingency fee may only be reduced if it is unreasonable, courts have "rejected reliance on 'the traditional lodestar method' utilized in fee-shifting statutes." *Fields*, 24 F.4th at 853.

Ultimately, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the

amounts of the deductions." *Wells II*, 907 F.2d at 372. However, such deductions "should not be made lightly." *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19 CV 155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

All four of the *Fields* factors weigh in favor of granting Counsel's motion for fees under 42 U.S.C. § 406(b). First, the retainer agreement sets the contingency fee at 25% of past-due benefits, which is standard. (Doc. No. 25). Counsel vigorously advocated for his client and achieved advantageous results;after a second unfavorable decision was issued, he filed a second action, then second remand, until a third hearing on February 28, 2025, resulted in a fully favorable decision. (*See* Doc. No. 33). Moreover, he investigated the initial and second Notice of Award to ensure his client would receive the total amount of past-due benefits owed. (*Id.*) Counsel reasonably requests $33,472.50, which is 25% of the combined past due benefits. (*see* Doc. No. 33). Consistent with Counsel's representation and obligations, he must refund the previous EAJA award of $9,000.

Second, there is no evidence of undue delay. Within a month of receiving the Scheduling Order, Counsel filed the Notice consenting to magistrate judge jurisdiction. (Doc. No. 8 (Notice)). Counsel then timely filed the Motion to Reverse and the Reply. (*See* Doc. No. 15 (Pl.'s Mot.) & 17 (Reply)).

Third, the Court has not been provided evidence that the contingency fee agreement was made through fraud or overreaching.

Fourth, "the requested amount is [not] so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *accord Gisbrecht*, 535 U.S. at 808. Counsel seeks $33,472.50, which represents the customary 25% contingency fee. The *de facto* hourly rate is $829.55, for a total of 40.35 hours,

4

which is a rate well-within the range of what the Second Circuit has determined reasonable. *See Fields*, 24 F.4th at 856 n.10 (citing cases ranging between $1,300 and $2,100 *de facto* hourly rates).

In other words, all factors are either neutral or weigh in Counsel's favor. The Court concludes the § 406(b) fee request is reasonable. Where counsel is awarded both EAJA and 42 U.S.C. § 406(b) fees for the same work, counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. Here, Counsel has already received $9,000.00 in EAJA fees and states he will refund the EAJA fee amount to the plaintiff. (Pl.'s Mem. ¶ 8). The Court agrees with Counsel's position.

### III.    CONCLUSION

For the above reasons, Counsel's Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 33) is **GRANTED** in the amount of $33,472.50. Consistent with Counsel's representations and obligations, he shall refund the EAJA award of $9,000.00 to the plaintiff.

**SO ORDERED** at New Haven, Connecticut the 18th day of December 2025.

 /s/ Robert M. Spector
Robert M. Spector, U.S. Magistrate Judge